**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4739**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

VINCENTE ANTOINE BAKER,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00348-TDS-1)

Submitted:  March 23, 2011          Decided:  April 1, 2011

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincente Antoine Baker pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2010) ("Count One") and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(1) (2006) ("Count Four"). The district court imposed a 205-month term of imprisonment on Count One and a concurrent 120-month term of imprisonment on Count Four.

On appeal, Baker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. On behalf of his client, Baker's counsel questions whether Baker's sentence was unreasonable because it was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Baker did not file a supplemental brief, nor did the Government respond to the Anders brief.

Our review of the record leads us to conclude that Baker is not entitled to relief. We review a district court's imposition of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Baker points to several factors

2

that may have lent support to a lower sentence in his case, but none of these considerations demonstrate that his within-Guidelines sentence was unreasonable.  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).  The district court provided a sound explanation for rejecting Baker's request for a lesser term of imprisonment at sentencing.  The record does not support a finding that the district court's sentence was unreasonable in this regard.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Baker's conviction and sentence.  This court requires that counsel inform Baker, in writing, of the right to petition the Supreme Court of the United States for further review.  If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Baker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED